IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT WILSON DENT,          :
      Petitioner              :
                                  :
  vs.                         :   CIVIL NO. 1:CV-13-1395
                                  :
JOHN KERESTES, *et al.*       :   (Judge Caldwell)
      Respondents             :
                                  :
                                  :

*M E M O R A N D U M*

I.  *Introduction*

      Robert Wilson Dent has filed a pro se petition under 28 U.S.C. § 2254 challenging his conviction in the Court of Common Pleas of Clinton County, Pennsylvania, for aggravated assault under 18 Pa. Con. Stat. Ann. § 2702(a)(1). The conviction resulted from a plea of guilty. Petitioner is serving a sentence of seventy-eight months to twenty years.

      The petition contains four grounds for relief. In ground one, Petitioner claims his trial counsel was ineffective when he: "failed to obtain discovery, to evaluate merits of the case, investigate alibi defense, interview witnesses, notify of his conflict with victim, lied regarding plea agreement to induce plea, failed to file a requested direct appeal, and failed to warn of rights waived by plea." (Doc. 1, ECF p. 5, 2254 petition). In ground two, Petitioner claims his "PCRA was the result of unconstitutional coercion." (*Id.*, ECF p. 6). In ground three, Petitioner claims his "conviction was based on [a] guilty plea

obtained without knowledge and appreciation of its consequences." (*Id.*, ECF p. 8).  And in ground four, Petitioner claims he was "convicted on the basis of a guilty plea that was the product of ineffective assistance of counsel." (*Id.*, ECF p. 9).  Grounds two, three and four contain identical supporting allegations: "counsel misrepresented the terms of a non-existent plea agreement, [and] the Commonwealth failed to follow through on its promise to recommend a sentence of the minimum of the standard range." (*Id.,* ECF pp. 6, 8 and 9).

In opposition to the petition, Respondents argue that the claims lack merit, they are not exhausted, and that grounds two, three and four are untimely.

II. *Background*

On April 20, 2009, Petitioner executed a written guilty-plea statement. (Doc. 23-1).  On May 4, 2009, Petitioner pled guilty to aggravated assault.  In connection with the plea, a guilty-plea colloquy was held. (Doc. 23-2, guilty-plea transcript).  On June 8, 2009, he was sentenced to seventy-eight months to twenty years' imprisonment. Petitioner took no direct appeal.  On November 12, 2009, he filed a pro se petition under the Pennsylvania Post Conviction Relief Act (PCRA).  42 Pa. Con. Stat. Ann. § 9541-9546.  Counsel was appointed to represent him and on April 16, 2010, PCRA counsel filed an amended PCRA petition raising the following claims of trial counsel ineffectiveness:

      a. failing to obtain discovery from the Commonwealth;

      b. failing to adequately investigate Petitioner's alibi defense;

     c.  failing to interview potential fact witnesses;

     d.  failing to notify Petitioner of a conflict of interest arising from a prior legal relationship with the victim;

     e.  lying to Petitioner regarding the plea agreement in order to induce him to plead guilty;

     f.  failing to file a motion to withdraw the guilty plea based on inducement and on the failure of the Commonwealth to comply with its promise to recommend a sentence at the minimum of the standard range, a motion Petitioner requested that he file;

     g.  failing to file a direct appeal;

     h.  failing to warn Petitioner that by pleading guilty he was waiving the right to file pretrial motions and his right to appeal would be significantly limited

(Doc. 23-3, ECF pp. 5-6, counseled PCRA petition).

In further support of the claims, the counseled PCRA petition alleged that: (1) Petitioner only pled guilty because trial counsel told him that if he did not, he would receive a sentence of twenty years, meaning a minimum term of twenty years; (2) trial counsel told him the minimum sentence would be sixty months and Petitioner pled guilty in reliance on that representation; (3) trial counsel promised him a minimum sentence and the Commonwealth agreed to it; and (4) Petitioner's prior record score for the purpose of sentencing was inaccurate. (*Id.*, ECF pp. 6-7).

On April 30, 2010, and May 25, 2010, the trial court held a hearing. Petitioner and trial counsel testified. (Doc. 23-6 and 23-7). On May 27, 2010, the trial court filed a PCRA opinion ruling as follows: (1) trial counsel was not ineffective in not

recording the preliminary hearing;[1] (2) Petitioner had not told trial counsel about an alibi witness; (3) trial counsel did not tell Petitioner he would receive a sixty-month minimum sentence; (4) Petitioner never requested that trial counsel file a direct appeal; (5) trial counsel told Petitioner about the potential conflict of interest which was not a conflict in any event; and Petitioner did not show his prior record score was inaccurate. (Doc. 23-5, PCRA opinion). The trial court also accepted trial counsel's credibility over that of Petitioner's on all factual matters. (Doc. 23-5, ECF p.6).[2] Finding no ineffectiveness, it denied the pro se and amended PCRA petitions. (*Id.*, ECF p. 9).

PCRA counsel filed an appeal with the Pennsylvania Superior Court. *Commonwealth v. Dent*, No. 1042 MDA 2010 (Pa. Super. Ct.).[3] While the case was on appeal, Petitioner filed a motion to proceed pro se. The superior court remanded so that the trial court could hold a hearing under *Commonwealth v. Grazier*, 552 Pa. 9, 12-13, 713 A.2d 81, 82 (1998), to determine if the decision to proceed pro se was knowing, intelligent and voluntary. (Doc. 23-10, ECF p. 3, *Commonwealth v. Dent*, No. 1042 MDA 2010 (Pa. Super. Ct. Feb. 10, 2012), superior court PCRA opinion). On December 14,

---

[1] This was a ground for relief raised in the pro se petition. (Doc. 16, answer to 2254 petition ¶ 6(a)).

[2] Although not specifically mentioned by the trial court, resolution of all credibility issues in counsel's favor would include trial counsel's denial that he told Petitioner that if he did not plead guilty, he would receive a minimum sentence of twenty years. (Doc. 23-6, ECF p. 33, PCRA hearing transcript).

[3] The court takes judicial notice of the state-court docket sheets, available through Pennsylvania's Unified Judicial Docket System at https://ujsportal. pacourts.us/.

2010, the trial court granted the request to proceed pro se. *Commonwealth v. Dent*, No. CP-18-CR-0156-2009 (Clinton Cnty. Ct. Com. Pl.).

In the superior court, Petitioner then filed a pro se statement of issues complained of on appeal pursuant to Pa. Rule App. P. 1925(b).[4] That statement and his pro se brief on appeal presented the following "two overarching issues":

> Whether the trial court erred in dismissing Appellant's first post conviction petition when post conviction appointed counsel's amended petition omitted "pro-se", (sic) claims from the court's merit's (sic) review?
>
> Whether indigent Defendant's first post conviction petition was effectively uncounseled and deprived (sic) of opportunity of legally trained counsel to advance Defendant's position in acceptable legal terms before the post conviction trial court?

(Doc. 23-10, ECF p. 3, *Commonwealth v. Dent*, No. 1042 MDA 2010 (Pa. Super. Ct. Feb. 10, 2012), superior court PCRA opinion; Doc. 23-9, ECF p. 6, pro se appeal brief).[5] [6]

---

[4] His counsel had previously filed such a statement. (Doc. 23-10, ECF p. 2, *Commonwealth v. Dent*, No. 1042 MDA 2010 (Pa. Super. Ct. Feb. 10, 2012), superior court PCRA opinion).

[5] As the superior court did, we omit Petitioner's capitalization.

[6] As the superior court also noted, Petitioner presented three "supplemental issues" concerning trial-counsel ineffectiveness which he claimed were omitted from the trial court's PCRA opinion because of PCRA counsel:

> Whether trial counsel failed to object to the jurisdiction of the trying court when the Commonwealth failed to issue Defendant a valid criminal complaint, supporting affidavit, and arrest warrant for the crime charged?
>
> Whether Defendant's guilty plea was unlawfully induced based on counsel misrepresentation, undue influence, fraud on the court and a defective colloquy in violation of Article 1, § 9 of the Pennsylvania Constitution?

-5-

These two claims of PCRA counsel's ineffectiveness were raised for the first time on appeal. The superior court stated "the law is now settled that claims challenging PCRA counsel's [effectiveness] are waived if first raised on appeal." (Doc. 23-10, ECF p. 5, *Commonwealth v. Dent*, No. 1042 MDA 2010 (Pa. Super. Ct. Feb. 10, 2012), superior court PCRA opinion). On February 10, 2012, it therefore affirmed the trial court's ruling on the basis that Petitioner had waived his two claims of PCRA counsel's ineffectiveness. *Id.*

Petitioner filed a petition for allowance of appeal with the Pennsylvania Supreme Court. *Commonwealth v. Dent*, No. 465 MAL 2012 (Pa.). On October 12, 2012, the supreme court denied the petition. The instant 2254 petition was filed on May 18, 2013, according to the prison mailbox rule.

III.   *Discussion*

A.  *All Grounds For Relief Have Been Timely Filed*

Respondents argue that ground one is timely under the statute of limitations for bringing section 2254 petitions but that grounds two, three and four are not.

---

Whether Defendant's guilty plea was involuntary and unlawfully induced by plea counsel and whether plea colloquy was defective in its effect on the voluntariness of Defendant's plea?

(Doc. 23-10, ECF pp. 3-4, *Commonwealth v. Dent*, No. 1042 MDA 2010 (Pa. Super. Ct. Feb. 10, 2012), superior court PCRA opinion; Doc. 23-9, ECF p. 6, pro se appeal brief). (Some capitalization has been omitted here as well.)

The argument is based on Respondents' position that ground one was properly raised in the November 12, 2009, pro se PCRA petition and therefore benefits from statutory tolling of the limitations period under 28 U.S.C. § 2244(d)(2) during the time "a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." *Id.*  On the other hand, according to Respondents, grounds two through four "were not properly raised" in the November 12, 2009, PCRA petition and do not benefit from statutory tolling.

We reject this argument.  Respondents are correct that the one-year statute of limitations in 28 U.S.C. § 2244(d)(1) on a section 2254 petition is applied on a claim-by-claim basis.  *See Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004).  However, it appears that grounds two through four, as vaguely worded as they are, were presented in the amended PCRA petition.  We thus conclude that they are timely as they also are subject to statutory tolling.[7]

> B. *Petitioner Has Failed to Exhaust Judicial Remedies on His Claims and Cannot Excuse His Procedural Default*

Respondents argue that the petition must be denied because Petitioner failed to exhaust his claims in state court and the resulting procedural default of his claims cannot be excused.

---

[7] Parenthetically, taking into account statutory tolling, we agree with Respondents that the deadline for filing the 2254 petition was June 7, 2013.  Thus it was timely as it was filed on May 18, 2013.

A federal court cannot grant habeas relief to a section 2254 petitioner unless the petitioner has exhausted the remedies "available" in state court on his federal claims. *See* 28 U.S.C. § 2254(b)(1)(A); *Slutzker v. Johnson,* 393 F.3d 373, 379 (3d Cir. 2004) (citing section 2254(b)(1)(A)). Exhaustion is accomplished "by fairly presenting each claim at each stage of the state's established appellate review process." *Villot v. Varner*, 373 F.3d 327, 337 (3d Cir. 2004). Here, Petitioner did not exhaust his claims because he did not fairly present them to the superior court and then to the supreme court as Petitioner raised on appeal claims of ineffective assistance of postconviction counsel, not the claims presented here of trial-counsel ineffectiveness and improper conduct by the Commonwealth.[8]

Petitioner cannot now return to state court to complete exhaustion because he no longer has available a state-court remedy. The state courts will not entertain another PCRA petition for at least one reason; any petition filed now would be considered time-barred by the one-year statute of limitations under 42 Pa. Con. Stat. Ann § 9545(b)(1) for filing such petitions.

When "further state-court review is clearly foreclosed under state law, exhaustion is excused on the grounds of futility." *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir. 2001). However, this does not mean that Petitioner is entitled to have his claims

---

[8] Parenthetically, on a Pennsylvania conviction, even though Petitioner did appeal to the state supreme court, he did not have to do so to complete exhaustion because Order 218, an administrative order from the Pennsylvania Supreme Court, has made review in the state supreme court "unavailable for purposes of exhausting state court remedies . . . ." *Boyd v. Waymart,* 579 F.3d 330, 368 (3d Cir. 2009)(quoted case and internal quotation marks omitted).

adjudicated on the merits.  These claims are deemed exhausted only because Petitioner committed a procedural default; he failed to present them to the state courts when he should have.  To prevent section 2254 petitioners from avoiding the exhaustion requirement by failing to present their claims in state court, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S.Ct. 1728, 1734, 144 L.Ed.2d 1 (1999), federal courts do not consider procedurally defaulted claims.  There are two exceptions to this rule.  The merits of procedurally defaulted claims will be considered if the petitioner shows either: (1) cause and prejudice; or (2) a fundamental miscarriage of justice.  *See Lines v. Larkins*, 208 F.3d 153, 166 (3d Cir. 2000).

Petitioner cannot meet the cause-and-prejudice standard because he cannot show cause for his default.  To demonstrate "cause" for a procedural default, the petitioner must show that some objective factor external to the defense impeded the petitioner's efforts to comply with the state's procedural rule.  *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986); *Leyva v. Williams,* 504 F.3d 357, 366 (3d Cir. 2007).  There was no factor external to the defense here as it was Petitioner who failed to present his claims to the superior court.

There is a limited exception to the cause requirement.  Ineffective assistance of postconviction counsel in an initial-review collateral proceeding in not raising a claim of ineffective assistance of trial counsel may constitute cause to excuse a procedural default.  *Martinez v. Ryan*, ___ U.S. ___, ___, 132 S.Ct. 1309, 1318, 182 L.Ed.2d 272 (2012).  Petitioner argues this exception applies here to excuse his default.

However, as we have noted, it was Petitioner who failed to present his claims to the state courts, not PCRA counsel, after he successfully moved to represent himself on appeal.

The fundamental-miscarriage-of-justice exception is a claim of actual innocence. *See House v. Bell*, 547 U.S. 518, 537, 126 S.Ct. 2064, 2077, 165 L.Ed.2d 1 (2006). To satisfy this exception:

> a petitioner must demonstrate two things . . . . First, a petitioner must present new, reliable evidence that was not presented at trial. *Schlup* [v. Delo], 513 U.S. [298,] 324, 115 S.Ct. [851,] 865, [130 L.Ed.2d 808 (1995]. Second, a petitioner must show by a preponderance of the evidence, "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327, 115 S.Ct. at 867.

*Houck v. Stickman*, 625 F.3d 88, 93 (3d Cir. 2010). The court examines not just the new evidence but the old evidence as well. *House*, 547 U.S. at 538, 126 S.Ct. at 2077.

It does not appear that Petitioner can make a showing of actual innocence. Even if he did have an alibi witness (as indicated in ground one of his 2254 petition), he would have to confront the testimony of the victim, his girlfriend at the time, who testified at the preliminary hearing (according to trial counsel) that he had assaulted her. (Doc. 23-6, ECF pp. 5-6, PCRA transcript). Additionally, he pled guilty to the offense, and a negotiated plea undermines a claim of actual innocence. *Lang v. Mazurkiewicz*, No. 13-CV-0957, 2014 WL 1339805, at *4 (M.D. Pa. April 3, 2014).

We will therefore deny the petition on the basis of Petitioner's procedural default. We note that the petition appears to lack merit in any event. The trial court did hold a PCRA hearing and resolved all factual issues concerning the validity of the plea

against Petitioner.  Under 28 U.S.C. § 2254(e)(1), we are generally bound by state-court fact finding.  The trial court's fact finding resolves against Petitioner the vaguely worded claims presented here.

IV. *Conclusion*

We will issue an order denying the section 2254 petition.  The order will also deny a certificate of appealability, based on the analysis in this memorandum.  However, Petitioner is advised that he has the right for thirty (30) days to appeal our order denying his 2254 petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals.  *See* Federal Rule of Appellate Procedure 22; Local Rule of Appellate Procedure 22.1.

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge

September 3, 2014